IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MATTHEW PIMM, et al.,

          *Plaintiffs*,

v.

UNITED AIRLINES, INC., et al.,

          *Defendants*.

Civil Action No. 1:25-cv-15581

District Judge Edmond E. Chang

Magistrate Judge Daniel P. McLaughlin

**JOINT INITIAL STATUS REPORT**

**1.      The Nature of the Case**

      **a.     Identify the attorneys of record for each party, including the lead trial attorney.**

Attorneys of record for Plaintiffs are Ruben R. Chapa (lead trial attorney), Andrew D. Schlichter, Alexander L. Braitberg, Patrick R. Kutz, Kaitlin Minkler, and Zoë Seaman-Grant.

Attorneys of record for Defendant United Airlines, Inc. ("United") are Michael J. Gray (lead trial attorney),  E. Michael Rossman, and Elsa Andrianifahanana.

Attorneys of record for Defendant Mercer Health & Benefits Administration, LLC ("Mercer") are Alison V. Douglass (lead trial attorney), James O. Fleckner, and Katherine G. McKenney.

      **b.     State the basis for federal jurisdiction.**

28 U.S.C. § 1331. The action arises under 29 U.S.C. § 1132(a)(2) and (a)(3). *See* 29 U.S.C. § 1132(e)(1).

1

**c.** **Describe the nature of the claims asserted in the complaint and any counterclaims.**

1. Plaintiffs' Position

Plaintiffs are participants in and beneficiaries of the United Airlines Consolidated Welfare Benefit Plan (the "Core Plan") who enrolled in accident, critical illness, and/or hospital indemnity insurance programs ("Voluntary Benefits Insurance") offered as a plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), which imposes fiduciary duties on Defendants. 29 U.S.C. § 1104(a)(1)(A) and (B).

Plaintiffs allege that United, a Plan fiduciary, failed to diligently select and monitor voluntary benefits offerings and providers and engaged in prohibited transactions when it allowed Mercer to collect excessive commissions from Plan assets. Plaintiffs additionally allege that Mercer, a Plan fiduciary, breached its fiduciary duties and engaged in prohibited transactions by causing the Plan to pay it excessive compensation. Plaintiffs allege that, as a result of these fiduciary breaches, the Plan and its participants lost millions of dollars in excessive and unreasonable premiums paid.

2. Defendants' Position

Defendants dispute any plausible claim has been plead. Defendants further deny any liability for the claims as pleaded and may move to dismiss all claims under Rule 12.

**d.** **State the major legal and factual issues in the case.**

1. Plaintiffs' Position

    i. Fiduciary Status;

    ii. ERISA violations; and

    iii. Losses resulting from ERISA violations.

2. Defendants' Position

Some of the key legal and factual issues in this case include:

    i. Status under ERISA of Defendants;

    ii. Standing of Plaintiffs;

    iii. Alleged ERISA violations;

    iv. Factual predicate of alleged ERISA violation; and

    v. Losses resulting from alleged ERISA violations.

**e.**     **Describe the relief sought by the plaintiff (and counter-claimant).**

Plaintiffs seek certification of a class of all participants in the Plan, and seek to obtain appropriate relief, including relief set forth under 29 U.S.C. § 1109(a). The relief sought primarily includes: recovery of all losses to the Plan resulting from each breach of fiduciary duties; disgorgement of all assets and profits secured by Defendants as a result of each violation of ERISA; reversal of all non-exempt prohibited transactions; affirmative relief requiring the fiduciaries to include only prudent voluntary insurance in the Plan; and removal of the fiduciaries.

**2.**     **Pending Motions and Case Plan**

**a.**     **State the status of service of process on each defendant.**

On January 5, 2026, both Defendant United and Defendant Mercer were served. ECF Nos. 13 and 14.

**b.**     **Identify all pending motions.**

There are no pending motions.

**c.**     **Submit a proposal for a discovery plan, including the following information:**

Pursuant to the Court's January 27, 2026 Order, ECF No. 26, the discovery section is omitted.

      **d.**       **State whether a jury trial is requested and the probable length of trial (including jury selection, jury addresses, and jury deliberations).**

A jury trial is requested by Plaintiffs. The probable length of trial is two weeks.

Defendants dispute that Plaintiffs are entitled to a jury trial as to all claims.

      **e.**       **State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).**

The parties agree to service of pleadings and other papers by electronic means under

Federal Rule of Civil Procedure 5(b)(2)(E).

**3.**       **Consent to Proceed Before a Magistrate Judge**

      **a.**       **State whether the parties consent unanimously to proceed before a Magistrate Judge for all purposes, including entry of final judgment. The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge. Of course, the parties are free to withhold consent without any adverse substantive consequences.**

Counsel have informed their respective clients about the possibility of proceeding before

a Magistrate Judge for all purposes, including entry of final judgment. The parties do not

unanimously consent to the jurisdiction of the Magistrate Judge.

**4.**       **Status of Settlement Discussions**

      **a.**       **State whether any settlement discussions have occurred;**

The parties have not discussed settlement.

      **b.**       **Describe the status of any settlement discussions; and**

The parties have not discussed settlement.

**c.      Whether the parties request a settlement conference.**

At this stage, the parties believe that a settlement conference would be premature.

February 27, 2026

/s/ E. Michael Rossman
E. Michael Rossman (#6329112)
Michael J. Gray (#6210880)
Elsa Andrianifahanana (#6312263)
JONES DAY
110 North Wacker Dr., Suite 4800
Chicago, IL 60606
(312) 269-4096
mjgray@jonesday.com
emrossman@jonesday.com
eandriani@jonesday.com

*Attorneys for Defendant United Airlines, Inc.*

/s/ Alison V. Douglass
Alison V. Douglass
James O. Fleckner
Katherine G. McKenney
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
Fax: (617) 523-1231
ADouglass@goodwinlaw.com
JFleckner@goodwinlaw.com
KMcKenney@goodwinlaw.com

*Attorneys for Defendant Mercer Health &
Benefits Administration, LLC*

Respectfully submitted,

/s/ Ruben R. Chapa
Ruben R. Chapa
SCHLICHTER BOGARD LLC
33 North Dearborn Street, Suite 1170
Chicago, IL 60602
(630) 919-9301
(314) 621-5934 (fax)
rchapa@uselaws.com

Andrew D. Schlichter
Alexander L. Braitberg
Patrick R. Kutz
Kaitlin Minkler
Zoë Seaman-Grant
SCHLICHTER BOGARD LLC
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
(314) 621-6115
(314) 621-5934 (fax)
aschlichter@uselaws.com
abraitberg@uselaws.com
pkutz@uselaws.com
kminkler@uselaws.com
zseamangrant@uselaws.com

*Attorneys for Plaintiffs*

5