**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| MATTHEW PIMM, MARIA WYNN, RAMON REILOVA, APRIL GLANDT, and CAROLYN FAITH, individually and as representatives of a class of participants and beneficiaries on behalf of the UNITED AIRLINES CONSOLIDATED WELFARE BENEFIT PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED AIRLINES, INC., MERCER HEALTH & BENEFITS ADMINISTRATION, LLC, and JOHN DOES 1–20, <br><br> Defendants. | Civil Action No. 1:25-cv-15581 <br><br> District Judge Edmond E. Chang <br><br> Magistrate Judge Daniel P. McLaughlin |

**UNITED AIRLINES, INC.'S MOTION TO STAY DISCOVERY**

Defendant United Airlines, Inc. ("United") respectfully moves this Court for an order staying discovery pending the Court's decision on United's recently-filed Motion to Dismiss Plaintiffs' First Amended Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. 51.[1] As detailed below, good cause exists for this requested stay. *See, e.g., Mack v. Sol de Janeiro USA, Inc.*, Case No. 22-cv-07250, ECF No. 30 (N.D. Ill. Apr. 20, 2023) (Chang, J.) (granting defendant's motion to stay discovery pending a decision on its motion to dismiss, "given the breadth of the dismissal motion (including a subject matter jurisdiction challenge) and the probable burdens of discovery."); *Anjum v. City of Chicago*, Case No. 21-cv-00205, ECF No. 19 (N.D. Ill. Mar. 22,

---

[1] On May 18, 2026, counsel for United and counsel for Mercer Health & Benefits Administration, LLC ("Mercer") conferred with Plaintiffs' counsel about a stay of discovery pending Defendants' forthcoming motions to dismiss Plaintiffs' First Amended Complaint. On May 26, 2026, Plaintiffs' counsel indicated that Plaintiffs opposed a stay of discovery pending a decision on the motions.

2021) (Chang, J.) (granting stay where defendant's "dismissal motion [was] potentially dispositive, and the discovery [was] likely to be substantial given the factual allegations and the breadth of the claims.").

## I. BACKGROUND

The Named Plaintiffs voluntarily chose to purchase optional accident, critical illness, and/or hospital indemnity insurance offered by the United Airlines Consolidated Welfare Benefit Plan. Plaintiffs knew the price of this insurance before they elected coverage and received the full benefit of the coverages they chose to purchase. Nevertheless, years later after they made their annual purchases, Plaintiffs filed a Complaint against United and Mercer on December 23, 2025, claiming that the premiums they agreed to were too high, and they have brought claims against United and Mercer under the Employee Retirement Income Security Act ("ERISA").[2] Dkt. 1.

After Defendants United and Mercer moved to dismiss the Complaint for lack of standing and for failure to plead sufficient facts to state a claim, Dkts. 42, 45, Plaintiffs filed an Amended Complaint on April 20, 2026, Dkt. 48. On May 1, 2026, in response to the parties' joint motion, the Court set a briefing schedule for motions to dismiss the Amended Complaint. Dkt. 50. On May 20, 2026, Defendants United and Mercer moved to dismiss the Amended Complaint, arguing the pleading still failed to resolve the original deficiencies. Dkts. 51, 54. Both motions contend Plaintiffs lack standing to bring their claims under ERISA, and as such, the Court lacks subject-

---

[2] On January 27, 2026, the Court issued a minute entry, which, among other things, extended the Parties' joint initial status report deadline to February 27, 2026, and provided that: "The parties may skip the discovery section of the report." Dkt. 26. On February 23, 2026, the Parties met and conferred over Zoom videoconference regarding that remaining topics in the Court's Status Report Requirements (Dkt. 15-1), but did not discuss anything pertaining to discovery, and specifically acknowledged that they would by skipping the discovery-related topics in light of the Court's minute entry. On February 27, 2026, the Parties filed their joint initial status report. Dkt. 37. The joint initial status report did not contemplate the commencement of any discovery or propose any deadlines by which discovery must be served or completed. *See id.*

matter jurisdiction over the case. Dkts. 51, 54. Further, United's (and Mercer's) motion to dismiss challenges each claim against it under Rule 12(b)(6) for failure to state a claim. Dkts. 51, 54. Plaintiffs' combined response in opposition is due July 7, 2026, and Defendants' replies are due July 24, 2026. Dkt. 50.

Meanwhile, on May 8, 2026, Plaintiffs served their first set of requests for production ("RFPs") on United and Mercer. *See* Ex. A to Declaration of E. Michael Rossman. Plaintiffs served this discovery notwithstanding the fact that briefing schedule set by the Court on the motions to dismiss the Amended Complaint were underway under the schedule set by the Court, Dkt. 50, and notwithstanding the fact that the parties had not previously conferred under Rule 26(f)(1). To the contrary, the Court expressly instructed the parties to skip the discovery section of the initial joint status report. Dkt. 26. In any event, Plaintiffs' first set of RFPs to United includes forty individual requests for production of documents, Ex. A to Declaration of E. Michael Rossman at 3–8, including Request No. 40 premised on United's Rule 26 initial disclosures, *id.* at 8.

On May 18, 2026, at 11:30 am CT, the parties conferred by Zoom videoconference. In attendance were counsel for Plaintiffs (Ruben Chapa and Patrick Kutz of Schlichter Bogard LLC), counsel for United (E. Michael Rossman, Elsa Andrianifahana, and Jacob Aleknavicius of Jones Day), and counsel for Mercer (Alison Douglass, Katherine McKenney and Lee Moore of Goodwin Procter LLP). At the conference, United and Mercer proposed a stay of discovery pending the Court's decision on Defendants' upcoming motions to dismiss. United explained its position that the discovery was premature, and more fundamentally that the parties should not be subject to costly and invasive discovery before the Court has had the opportunity to rule on the threshold issues of whether Plaintiffs have standing to litigate their causes of action and whether their

purported claims are cognizable. Plaintiffs insisted that discovery should proceed. Unable to reach a consensus, United now respectfully seeks intervention from the Court for a stay of discovery pending a ruling on its motion to dismiss.

## II. LEGAL STANDARD

"District courts have broad discretion in matters relating to discovery." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). In this District, "[l]imitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted," and "such stays are granted with substantial frequency." *Bilal v. Wolf*, No. 06-cv-6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007). *See id.* ("Numerous cases in this circuit have even allowed stays in the face of a Rule 12(b)(6) challenge."). Further, courts may limit discovery or control its sequence to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Courts consider several factors to determine whether good cause exists for a stay, including whether the stay will reduce the burden of litigation for the parties or the court and whether the stay will prejudice the non-movant. *Vital Proteins, LLC v. Ancient Brands, LLC*, No. 1:22-cv-02265, 2023 WL 5671857, at *3 (N.D. Ill. Sept. 1, 2023). Motions to stay pending the resolution of a motion to dismiss are "not disfavored and [are] often appropriate where the motion to dismiss can resolve the case." *Id.* (citation omitted).

## III. ARGUMENT

Numerous factors favor a stay of discovery pending United's (and Mercer's) motion to dismiss. *First*, the fundamental issues of standing raised in the pending motions to dismiss and the potential for complete disposal of the case support a stay. This Court has stayed discovery in similar circumstances, particularly where, as here, the breadth of the motion to dismiss is

- 4 -

potentially dispositive. *See, e.g., Mack*, Case No. 22-cv-07250, ECF No. 30 (N.D. Ill. Apr. 20, 2023) (Chang, J.) (granting defendant's motion to stay discovery pending a decision on its motion to dismiss, "given the breadth of the dismissal motion (including a subject matter jurisdiction challenge) and the probable burdens of discovery."); *Anjum*, Case No. 21-cv-00205, ECF No. 19 (N.D. Ill. Mar. 22, 2021) (Chang, J.) ("On review of the First Amended Complaint, and the motion to dismiss, the City's motion to stay discovery until a decision on the dismissal motion is granted. The dismissal motion is potentially dispositive, and the discovery is likely to be substantial given the factual allegations and the breadth of the claims.").

United's motion to dismiss (together with Mercer's motion to dismiss) challenges the entirety of Plaintiffs' Amended Complaint. Indeed, both motions contend Plaintiffs lack standing to bring their claims under ERISA, and as such, the Court lacks subject-matter jurisdiction over the case. Dkts. 51, 54. Further, United's (and Mercer's) motion to dismiss challenges each claim against it under Rule 12(b)(6) for failure to state a claim. Dkts. 51, 54. Even if the motions do not dispose of the entirety of Plaintiffs' Amended Complaint, they may, at a minimum, significantly narrow the scope of the claims at issue. Waiting to proceed through discovery until the true scope of the case is determined will preserve the Court's and parties' resources and facilitate the efficient disposition of this case. *See Liggins v. Reicks,* Case No. 3:19-cv-50303, 2021 WL 2853359, at *3 (N.D. Ill. July 8, 2021) ("The Court will not speculate about the outcome of the motion to dismiss but does note that if the motion is granted, it could dispose of the entire case or narrow the issues significantly. This factor weighs in favor of a stay because the costs and burdens of discovery may prove unnecessary if the motion to dismiss is granted. . . . Granting the stay will promote efficient use of the parties' and the court's resources and avoid unnecessary discovery expense for claims that may be dismissed.").

*Second*, a stay of discovery is appropriate because Plaintiffs' discovery requests are premature under the plain language of Rule 26. Fed. R. Civ. P. 26(d)(1) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)(1) . . . ." Rules 26(f)(2) and (3) further state that the parties must discuss their Rule 26(a)(1) initial disclosures at the Rule 26(f)(1) conference. Here, Plaintiffs have initiated discovery when no such conference has occurred or any such disclosures have been made by any of the parties. In fact, the Court expressly instructed the parties to skip the discovery section of the initial joint status report. Dkt. 26. Against this backdrop, Plaintiffs' discovery requests, including questions about United's Rule 26(a)(1) initial disclosures which have not even been issued yet, are hasty and precipitate the necessary conference and disclosures required by Rule 26.

*Third*, Plaintiffs will suffer no prejudice if a stay of discovery is granted as the parties can seek discoverable information after a ruling on the motion to dismiss. Courts have consistently recognized that a mere delay in discovery poses no imminent risk and does not amount to prejudice. *See, e.g., Rao v. JPMorgan Chase Bank, N.A.*, Case No. 21-cv-1361, 2021 WL 4927415, at *1 (N.D. Ill. May 12, 2021) ("[T]he mere delay in Plaintiff's ability to proceed to discovery caused by the stay amounts to little, if any, prejudice."); *Vital Proteins, LLC*, 2023 WL 5671857, at *5 (granting stay of discovery where there was no suggestion that any of the discovery relevant to the non-movant's claims was at risk of damage, destruction, or otherwise becoming unavailable). Because a stay will not prejudice Plaintiffs, good cause exists to stay discovery pending a ruling on the motion to dismiss.

## IV. CONCLUSION

For these reasons, Defendant United respectfully requests that the Court stay discovery pending the Court's decision on United's motion to dismiss.

- 7 -

Dated: May 26, 2026

Respectfully submitted,


/s/ *E. Michael Rossman*

E. Michael Rossman (# 6329112)
emrossman@jonesday.com
Michael J. Gray (# 6210880)
mjgray@jonesday.com
Elsa Andrianifahanana (# 6312263)
eandriani@jonesday.com
JONES DAY
110 North Wacker, Suite 4800
Chicago, IL 60606
Telephone:　(312) 782-3939
Facsimile:　(312) 782-8585


*Attorneys for Defendant United Airlines, Inc.*

- 7 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 26, 2026, a copy of the foregoing was filed via the

Court's CM/ECF document filing system, which shall effectuate service on all counsel of record.

/s/ *E. Michael Rossman*

*Counsel for Defendant United Airlines, Inc.*