**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MATTHEW PIMM, MARIA WYNN, RAMON REILOVA, APRIL GLANDT, and CAROLYN FAITH, individually and as representatives of a class of participants and beneficiaries on behalf of the UNITED AIRLINES CONSOLIDATED WELFARE BENEFIT PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC., MERCER HEALTH & BENEFITS ADMINISTRATION, LLC, and JOHN DOES 1–20,<br><br>Defendants. | Civil Action No. 1:25-cv-15581<br><br>District Judge Edmond E. Chang<br><br>Magistrate Judge Daniel P. McLaughlin |

**MERCER HEALTH & BENEFITS ADMINISTRATION, LLC'S
OPPOSED MOTION TO STAY DISCOVERY**

Defendant Mercer Health & Benefits Administration, LLC ("Mercer") respectfully joins

in the Motion to Stay Discovery filed by United Airlines, Inc. ("United"). ECF No. 57.[1] As detailed

below and in United's Motion, good cause exists for this requested stay where Mercer's and

United's respective motions to dismiss are currently pending and, if granted, would result in

complete dismissal of the case, including for lack of Plaintiffs' standing. *See, e.g.*, *Mack v. Sol de*

*Janeiro USA, Inc.*, Case No. 22-cv-07250, ECF No. 30 (N.D. Ill. Apr. 20, 2023) (Chang, J.)

---

[1] On May 18, 2026, counsel for Mercer and counsel for United conferred with Plaintiffs' counsel about a stay of discovery pending a decision on Defendants' then-forthcoming motions to dismiss Plaintiffs' amended complaint. On May 26, 2026, Plaintiffs' counsel indicated that Plaintiffs opposed a stay of discovery pending a decision on the motions.

(granting defendant's motion to stay discovery pending a decision on its motion to dismiss, "given the breadth of the dismissal motion (including a subject matter jurisdiction challenge) and the probable burdens of discovery.").

## I. BACKGROUND

Plaintiffs filed a complaint against United and Mercer on December 23, 2025 under the Employee Retirement Income Security Act of 1974 ("ERISA"), claiming that the premiums they agreed to pay for voluntary insurance benefits were too high. ECF No. 1. Plaintiffs filed an amended complaint on April 20, 2026. ECF No. 48.

Mercer incorporates by reference the facts recited in the Background section of United's Motion, including that the parties met and conferred pursuant to the Court's Status Report Requirements on February 23, 2026, at which time Plaintiffs did not raise the subject of a discovery schedule and the parties agreed not to discuss discovery in light of the Court's January 27, 2026 minute entry. ECF No. 26.

The parties subsequently discussed and agreed upon a proposed briefing schedule on Defendants' motions to dismiss the amended complaint, during which discussions Plaintiffs made no mention of commencing discovery while such motions were pending. On May 8, 2026, Plaintiffs inexplicably served a collective 73 requests for production ("RFPs") on United and Mercer, Decl. Ex. A,[2] even though there is no discovery schedule set in this action and also without first serving their own initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

On May 20, 2026, Defendants United and Mercer moved to dismiss the amended complaint. ECF Nos. 51, 54. Both motions contend that Plaintiffs lack standing to bring their claims, and as such, the Court lacks subject-matter jurisdiction. For instance, Mercer's motion

---

[2] Declaration of Alison V. Douglass in Support of Mercer's Opposed Motion to Stay Discovery.

argues that Plaintiffs lack standing because Plaintiffs do not allege any deficiency in the benefits they purchased or received, such as flaws in the nature or quality of the coverage. Their sole purported harm is that they paid too much for those benefits, but they fail to support that assertion with factual allegations. And, notwithstanding their claims about Mercer's commissions, Plaintiffs do not allege that *they* paid those commissions. They allege that commissions are an expense of *the insurer*, which would not be an injury to Plaintiffs. ECF No. 54 at 4–5. Further, both motions challenge each claim under Rule 12(b)(6) for failure to state a claim. Mercer's motion argues that Mercer is not a fiduciary with respect to the challenged conduct of the selection of the insurer, the setting of premium rates, or its own commissions. *Id.* at 5–12. And, even if it were, the amended complaint does not sufficiently allege that Mercer breached any fiduciary duties, knowingly participated in any breaches by United, or caused the United plan to engage in any ERISA prohibited transactions. *Id.* at 12–22. Plaintiffs' combined response in opposition to Defendants' motions to dismiss is due July 7, 2026, and Defendants' replies are due July 24, 2026. ECF No. 50.

## II.    LEGAL STANDARD

Under Rule 26(c), the Court may "for good cause" issue an order staying discovery. Fed. R. Civ. P. 26(c). A stay is appropriate pending a "potentially dispositive" motion to dismiss, particularly where "discovery is likely to be substantial." *Anjum v. City of Chicago*, No. 21-cv-00205, ECF No. 19 (N.D. Ill. Mar. 22, 2021) (Chang, J.) (granting stay). "In determining whether good cause exists to stay discovery during the pendency of a motion to dismiss, courts consider the following factors: (1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court." *Liggins v. Reicks*, 2021 WL 2853359, at *1 (N.D. Ill. July 8, 2021)

(granting contested motion to stay discovery pending resolution of motion to dismiss). In this District, "[l]imitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted," and "such stays are granted with substantial frequency." *Bilal v. Wolf*, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007).

### III.    ARGUMENT

All three of the factors set forth in *Liggins* favor a stay in this case.

*First*, the stay will both simplify the issues in the case and reduce the burden of litigation by potentially preventing unnecessary discovery—including 73 RFPs seeking documents spanning over seven years—ahead of a complete dismissal of the action. The fundamental issues of standing raised in the Defendants' pending motions to dismiss and the potential for complete disposal of the case support a stay. Each Defendant has shown that Plaintiffs fail to plausibly allege a concrete injury-in-fact—the "irreducible constitutional minimum" of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation modified). "There is no ERISA exception to Article III." *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 547 (2020). Defendants' grounds for dismissal, including the Article III challenge to subject-matter jurisdiction, "go to the heart of threshold issues before the Court, including whether [] the Court has jurisdiction to resolve this case." *Su v. Su*, 2022 WL 22877455, at *2 (N.D. Ill. Apr. 11, 2022) (granting motion to stay discovery pending resolution of motion to dismiss). "Courts routinely grant stays when such threshold issues are pending before the Court." *Id.*; *see also DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) ("Stays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction [or] standing.").

*Second*, Plaintiffs will suffer no unfair prejudice from a temporary stay during the pendency of Defendants' motions to dismiss. This case remains in its earliest stages with no discovery (aside from Plaintiffs' premature service of the RFPs). Defendants' motions to dismiss have been filed and will be fully briefed shortly, so any delay will be temporary. *See Griggs v. Liv Enters., Inc.*, 2024 WL 7008875, at *1 (N.D. Ill. July 16, 2024) (fully briefed motion weighs against a finding of prejudice). Moreover, a "generalized delay caused by a stay does not present the kind of prejudice that would weigh strongly against granting a stay." *Id.*[3] It is well-established that "the general prejudice of having to wait for resolution [of a motion to dismiss]" is insufficient to show prejudice. *Rodriguez v. Ford Motor Co.*, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022); *Medline Indus., Inc. v. C.R. Bard, Inc.*, 2019 WL 10948865, at *2 (N.D. Ill. Sept. 10, 2019) (when considering prejudice, "the Court can discount the general prejudice of having to wait for resolution" (quotation omitted)).

*Finally*, a stay of discovery is appropriate because Plaintiffs' discovery requests are premature under the plain language of Rule 26. Rule 26(d)(1) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ." Rules 26(f)(2) and (3) further state that the parties must discuss their Rule 26(a)(1) initial disclosures at the Rule 26(f)(1) conference. Here, Plaintiffs initiated discovery when no discovery was contemplated during the parties' February 23, 2026 meet-and-confer (based upon the Court's suggestion that the parties may "skip" such discussions), no discovery schedule exists in the case, and before any party—including Plaintiffs—has served initial disclosures. Plaintiffs had ample opportunity to propose a discovery schedule back in February so that any dispute could be

---

[3] Indeed, before apprising Defendants of their view that discovery should commence immediately, Plaintiffs insisted on a lengthier motion to dismiss briefing schedule than Defendants proposed, to which Defendants ultimately agreed.

promptly addressed to the Court in the joint Status Report, proceeded to file a joint Status Report that remained silent on discovery, and then opted to surprise Defendants with a collective 73 RFPs in the midst of briefing their motions to dismiss. Such unnecessary tactics should not be condoned by the Court.

## IV.    CONCLUSION

For these reasons, and those stated in United's Motion, Defendant Mercer respectfully requests that the Court stay discovery pending the Court's decision on Defendants' motions to dismiss.


Dated: May 27, 2026                                   Respectfully submitted,

                                                      */s/ Alison V. Douglass*
                                                      Alison V. Douglass, *admitted pro hac vice*
                                                      James O. Fleckner, *admitted pro hac vice*
                                                      Katherine G. McKenney, *admitted pro hac vice*
                                                      GOODWIN PROCTER LLP
                                                      100 Northern Avenue
                                                      Boston, MA 02210
                                                      (617) 570-1000
                                                      ADouglass@goodwinlaw.com
                                                      JFleckner@goodwinlaw.com
                                                      KMcKenney@goodwinlaw.com

                                                      *Attorneys for Defendant Mercer Health &*
                                                      *Benefits Administration, LLC*

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, a copy of the foregoing was filed via the Court's

CM/ECF document filing system, which shall effectuate service on all counsel of record.


/s/ *Alison V. Douglass*

Alison V. Douglass